WILLIAM STEVENS *vs.* JOHN D. ORR.

Cumberland. Opinion April 16, 1879.

*Right of way. Beneficial use. Deed.*

A conveyance of a specified portion of real estate, described by metes and bounds, will not carry with it a right of way over the grantor's adjoining land (although such way may be highly convenient, and apparent upon the face of the earth, and in actual use at the time of the conveyance, and although the deed contains the words " with all the privileges and appurtenances "), unless such way is clearly necessary to the beneficial use and enjoyment of the estate conveyed.

ON EXCEPTIONS.

This was an action of trespass *quare clausum*; writ dated May 21, 1877, and tried by the justice of the superior court without the intervention of jury, subject to exceptions in matters of law.

Plea, the general issue, with brief statement that defendant had a right of way over plaintiff's close, and that the alleged trespass was only the rightful use of the way. Facts found, and ruling, were as follows :

Prior to March 17, 1824, John Orr, the defendant's grandfather, was owner of plaintiff's close, as well as of the adjoining lot now occupied by the defendant.

In the year 1812, Richard Orr, son of said John Orr, and father of defendant, built on his father's, John Orr's, land, the house now occupied by defendant, and used the way in controversy from said house to the cove over plaintiff's present close; the title to both lots then being in John Orr.

The way has been used from that time to the present by the defendant's father and himself, both being fishermen, as a foot path from their house to the cove where their boats lay.

So far as the case shows, they had no other right of way to the cove, and no other means of access to it without crossing the lands of other persons. If defendant's claim of a right of way rested solely upon prescription, it would be necessary for me to decide whether this use was permissive or adverse, which is one of the controverted questions in the case. But I find that Richard Orr, defendant's father, having built his house (on the site

now occupied by defendant) on his father's, John Orr's, land in 1812, continued to occupy it and to use the way in dispute in the manner before stated from 1812 to 1824, the premises described as plaintiff's close in the declaration, being then the same John Orr's land and the way leading across it, in the same place as now. On March 17, 1824, John Orr conveyed to his son, Richard Orr, the premises on which Richard had built his house in 1812, with all the privileges and appurtenances. It is clear that the way across the present plaintiff's pasture, which had been used by Richard Orr, under whom defendant claims, from 1812 to 1824, was at the time of this deed to Richard Orr in 1824, apparent upon the surface of the ground as a path leading across the grantor, John Orr's pasture to the cove, and accustomed to be used by Richard.

Under these circumstances, I rule that the right of way in question passed to Richard Orr by the deed of March 17, 1824, and thence to defendant as one of the privileges and appurtenances of the premises thereby conveyed.

After hearing the evidence and arguments of each party, and considering the same, I decide that said defendant is not guilty in manner and form as said plaintiff has declared against him.

Plaintiff alleged exceptions.

*C. Hale,* for the plaintiff.

*T. T. Snow,* for the defendant.

WALTON, J. The court is of the opinion that it must be regarded as the settled law of this state that the conveyance of a specified parcel of real estate, described by metes and bounds, will not carry with it a right of way over the grantor's adjoining land (although such way may be highly convenient, and apparent upon the face of the earth and in actual use at the time of the conveyance, and the deed contains the words " with all the privileges and appurtenances "), unless such way is clearly necessary to the beneficial use and enjoyment of the estate conveyed. So held in *Warren* v. *Blake,* 54 Maine, 276. And the same rule was applied to a drain in *Dolliff* v. *Boston & Maine R. R.,* 68 Maine, 173.

We are aware of the conflicting state of the authorities upon this question. We have had occasion to examine them very fully on several occasions within the last few years. The leading cases are cited and commented upon in the case first above cited (*Warren* v. *Blake*), and it cannot be profitable to go over them again. They are also quite fully cited in the briefs of the learned counsel in this case.

The justice of the superior court (by whom this case was tried without a jury) found as matter of fact that the grantee " had no other right of way to the cove, and no other means of access to it without crossing the lands of other persons." From this we infer that he was of the opinion that the way was highly convenient to the grantee. He also found that, at the time of the conveyance, the way in question " was apparent upon the face of the earth as a path leading to the cove, and accustomed to be used by the grantee." But he did not find (or if he did, the exceptions fail to so state) that the way was necessary to the beneficial use and enjoyment of the estate conveyed. His conclusion, therefore, that the way in question passed as one of the privileges and appurtenances of the estate, is apparently unwarranted and erroneous.

*Exceptions sustained.*

*New trial granted.*

APPLETON, C. J., BARROWS, VIRGIN and LIBBEY, JJ., concurred.